IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER CARMONA, on Behalf of Himself and all Others Similarly Situated, | ) ) ) ) | Case No. CV-06-78-S-BLW |
| Plaintiff, | ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) ) | |
| HENRY I. BRYANT, PAUL I. CORDDRY, BONNIE G. HILL, JON C. MADONNA, BETH M. PRITCHARD, BEATRIZ RIVERA, WAYNE C. SALES, KATHI P. SEIFERT, ALBERTSON'S INC., LAWRENCE R. JOHNSTON, A. GARY AMES, PAMELA G. BAILEY, AND TERESA BECK, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it a motion to remand.  For the reasons expressed below, the Court will grant the motion in part, ordering a remand, but will deny that part of the motion requesting attorney fees.

## ANALYSIS

**Memorandum Decision and Order – Page 1**

Plaintiff Carmona seeks to enjoin the sale of Albertson's.  He brings suit as a shareholder on behalf of a proposed class of other shareholders, and alleges a claim for breach of fiduciary duty under Idaho and Delaware law.  More specifically, he alleges that Albertson's board of directors breached its fiduciary duty to shareholders when it approved the sale of Albertson's to a consortium of buyers for $17 billion.

Albertson's removed the case under the Class Action Fairness Act (CAFA), and does not allege that any other basis exists for federal jurisdiction.  Carmona seeks to remand the case, arguing that CAFA, by its own terms, does not apply to this case.

CAFA steers some class actions to federal court and excepts others. Carmona relies on the exceptions contained in 28 U.S.C. § 1453(d), stating that CAFA shall not apply "to any class action that solely involves,

(A)    a claim concerning a covered security as defined under section 16(f)(3) of the Securities Act of 1933 . . . and section 28(f)(5)(E) of the Securities Exchange Act of 1934 . . . .

(B)    a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

(C)    a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 . . . ).

Albertson's argues that subsection (B) does not apply because Carmona's

breach of fiduciary duty claim is brought under not only the law of Delaware (the state of incorporation) but also the law of Idaho.  Carmona responds in its reply brief that it concedes that only the law of Delaware applies, and appears to withdraw its claim based on Idaho law.  *See Carmona Reply Brief* at p. 9, n. 6. This concession resolves the issue, triggering either subsection (B) or subsection (C), requiring a remand.  However, even assuming that Carmona's claim under Idaho law remains in the case, remand is warranted.

The starting point for interpreting a statute is the language of the statute itself.  *See Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980).  If the language is "reasonably clear, that is the end of the inquiry." *United States v. Workinger*, 90 F.3d 1409, 1412 (9th Cir. 1996).  In ascertaining the plain meaning of the statute, the Court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.  *Id.*

The plain language of subsection (C) covers this case.  Carmona is claiming a breach of fiduciary duty that relates to his ownership of Albertson's common shares.  There is no dispute that those shares are securities as defined by the Securities Act of 1933.

Albertson's responds, however, that this interpretation "tramples the second exception, rendering nugatory the explicit and carefully crafted limitation that

**Memorandum Decision and Order – Page 3**

narrows the availability of the second exception." *See Albertson's Brief* at p. 6.

Albertson's contends that this violates the principle of statutory construction that

requires the Court to interpret each exception as encompassing a different type of

claim. *See Padash v. Agency Immigration & Naturalization Serv.,* 358 F.3d 1161,

1170 n.7 (9th Cir. 2004).

　　　　To honor this principle of statutory construction, Albertson's contends that

the term "fiduciary duty" used in subsection (C) must mean something different

than the term "governance of a corporation" used in subsection (B).  Under

Albertson's reading, breach of fiduciary duty claims concerning corporate

governance – like those made here – must be governed by subsection (B).

Subsection (C) would cover cases where the "terms of a particular security

. . .create . . . duties that are fiduciary in nature." *See Albertson's Brief* at p. 10.

Albertson's cites cases where the fiduciary duties were created by the terms of the

security, and cites examples from its own securities (not at issue in this case)

creating duties.  *Id*. at pp. 10-11.

　　　　This reading, while recognizing that subsection (C) applies to fiduciary

duties "created by" securities, ignores the additional language that it applies also to

fiduciary duties "relating to . . . or pursuant to any security."  These additional

terms broaden subsection (C)'s applicability beyond those cases where the duty is

**Memorandum Decision and Order – Page 4**

"created by" the security.  Here, Carmona relies entirely on his ownership of Albertson's common stock to bring this action – he alleges no interest that would allow him to pursue this case other than his stock ownership.  Thus, his claim "relates to" or is "pursuant to" a security as required by subsection (C).

By ignoring terms in subsection (C), Albertson's interpretation violates the rule that language should not be rendered meaningless.  *See Arizona Cattle Growers' Ass'n v. U.S. Fish and Wildlife Service*, 273 F.3d 1229, 1241 (9th Cir. 2001).  Instead, this Court must give effect to all the language, "and fit, if possible, all parts into an harmonious whole."  *Id*.

It is possible to harmonize subsections (B) and (C) while recognizing that they apply to different circumstances.  Subsection (B) applies broadly to claims that "relate to the internal affairs or governance of a corporation."  This language would include a wide variety of claims, including – when read in isolation from subsection (C) – breach of fiduciary duty claims like those brought here.

However, when subsection (C) is read together with subsection (B) it becomes clear that subsection (C) applies to fiduciary duty claims related to (or "created by" or "pursuant to") securities, thereby freeing this particular subset of claims from subsection (B)'s requirement that they be based on the laws of the state of incorporation.

**Memorandum Decision and Order – Page 5**

At oral argument, Albertson's argued that because all claims relating to the internal affairs or governance of a corporation are grounded on a breach of fiduciary duty, the Court's reading of subsection (C) swallows subsection (B). The Court disagrees. A wide variety of claims relating to corporate internal affairs or governance do not require that a fiduciary duty be established. Those claims, if governed by the law of the state of incorporation, are covered by subsection (B), not subsection (C). This interpretation gives full recognition to subsection (B) and does not read it out of the statute.

The Court's interpretation gives full effect to all terms, harmonizes the two subsections, and maintains the presumption that Congress meant subsection (B) to be different from subsection (C). Because subsection (C) plainly applies here, the Court will grant the motion to remand.

Carmona seeks attorney fees. Because this is a case of first impression in this District, and because there is very little case law elsewhere on these issues, the Court will deny that motion.

At the conclusion of oral argument, Albertson's counsel made a request that the Court "hold the file" while Carmona objected. The Court has decided to not resolve this issue in the absence of a written motion. Counsel remain free to file any appropriate motions.

**Memorandum Decision and Order – Page 6**

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to remand (Docket No. 11) be GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks a remand, and the Clerk of the Court is directed to take the steps necessary to remand this case to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada.  It is denied to the extent it seeks attorney fees.

DATED:  **April 19, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court